# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BELINDA J. ROSSETTI, | : | NO. 1:25-CV-00422 |
| Plaintiff, | : | |
| | : | (MUNLEY, D.J.) |
| v. | : | |
| | : | (CAMONI, M.J.) |
| JOSHUA D. SHAPIRO, *et al.*, | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATION

The Court of Appeals for the Third Circuit has recognized a First Amendment right to record police activity in public. But it has not, nor has any other circuit, recognized a right to record private telephone conversations of private individuals. The Plaintiff believes that she has a right to do so, and that the United States Constitution should vindicate that right against a Pennsylvania criminal statute that prohibits nonconsensual audio recording. Because no such right exists, the Plaintiff has no standing to bring her claim.

Pending before the Court is Defendants Joshua Shapiro and David Sunday's motion to dismiss *pro se* Plaintiff Belinda Rossetti's Complaint. Doc. 10. The undersigned respectfully recommends the Court dismiss the Complaint without prejudice for the reasons that follow.

## I. BACKGROUND[1]

The undersigned will briefly summarize the salient factual background, as the Complaint refers to numerous entities and individuals who are not parties to this action and are irrelevant to the Plaintiff's claims.

### A.   Factual Background

Rossetti is mother to a son who attended Pennsylvania State University (PSU) sometime between 2020 and 2023. *See* Doc. 1 ¶¶ 18, 34, 38, 44, 59. While paying college expenses and trying to lease apartments for her son, Rossetti was defrauded by property management companies and PSU, none of whom are parties to this action. *Id.*[2]

---

[1] In considering this motion to dismiss, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[2] Rossetti alleges two types of fraud. First, Rossetti rented apartments that were fraudulently leased by non-party property management companies. Doc. 1 ¶¶ 18-19; *see id.* ¶ 38 (emphasis in original) ("In August 2021, PLAINTIFF'S son rented another apartment . . . . PLAINTIFF discovered an identical fraud scheme upon move-in."); *id.* ¶ 61 (describing similar lease related fraud that cost the Plaintiff money). Second, she alleges that Penn State fraudulently billed her son and that it failed to address her attempts to dispute those charges. *See id.* ¶¶ 43-46, 52-53.

Rossetti took actions to address the alleged frauds. First, she filed a lawsuit in Illinois against the non-party entities. *Id.* ¶ 20. Second, she reported the fraud to the Pennsylvania Attorney General's Office for investigation. *Id.* ¶ 24. And third, she obtained evidence of the fraudulent activities by recording telephone conversations of Penn State employees discussing and confirming the fraud and reported the fraud to State College Police Department. *See id.* ¶¶ 41, 46, 48.

Rossetti faced hurdles at every turn. First, Defendant Shapiro, then Attorney General of Pennsylvania, refused to initiate an investigation or prosecute the non-party entities, citing that Rossetti had already filed a federal civil lawsuit. *Id.* ¶ 26. Rossetti alleges that Shapiro selectively enforced the law by prosecuting similar fraud cases while refusing to investigate her case. *Id.* ¶ 29.

Second, Pennsylvania's criminal statute, 18 Pa. C.S. § 5703, prevented Rossetti from recording additional evidence to expose Penn State's fraudulent practices. *Id.* ¶ 48. Third, State College Police dismissed her reports of fraud as a civil matter and warned her that recording conversations in Pennsylvania is illegal. *Id.* ¶¶ 31-32.

### B. Procedural History

On March 6, 2025, Rossetti lodged the instant Complaint and moved for leave to proceed *in forma pauperis*. Docs. 1, 5. Her motion was granted, the Complaint filed, and the Defendants served with the pleadings. Docs. 6, 8. Rossetti sued the Defendants under 42 U.S.C. § 1983, alleging that Pennsylvania's criminal law, 18 Pa. C.S. § 5703, violates her rights under the First, Fourth, Fifth and Fourteenth Amendments. Doc. 1 ¶ 1. She further alleges that the Defendants' failure to investigate violates her constitutional rights. *Id.* ¶ 4.

The Defendants moved to dismiss the Complaint, doc. 10, and the motion is fully briefed, docs. 12, 13. Thus, the motion is ripe for resolution.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified).

A district court must conduct a three-step analysis when considering the sufficiency of a complaint under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. Third, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211, quoting *Iqbal*, 556 U.S. at 679. A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210, quoting *Iqbal*, 556 U.S. at 678. On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no

claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A complaint filed by a *pro se* litigant is to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. ANALYSIS

The Complaint boils down to two main claims: (1) Rossetti's First Amendment challenge to Pennsylvania's criminal statute, 18 Pa. C.S. § 5703; and (2) her Fourteenth Amendment claim against the Defendants for selective enforcement.[3] The undersigned addresses each in turn.

---

[3] Rossetti also alleges Fourth and Fifth Amendment violations. Doc. 1 ¶¶ 143-44, 146-49. The undersigned has reviewed these claims and finds them meritless as the Complaint does not allege a search or seizure nor a taking subject to the Takings Clause.

### A.  Standing

Before considering the merits of Rossetti's First Amendment challenge, the Court must first consider whether she has standing. *McCauley v. Univ. of the V.I.*, 618 F.3d 232, 238 (3d Cir. 2010). Although the Defendants did not raise an issue of standing, the Court's "continuing obligation" to assure that it has jurisdiction requires that it raises issues of standing *sua sponte. Seneca Resources Corp. v. Township of Highland*, 863 F.3d 245, 252 (3d Cir. 2017), quoting *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 211 (3d Cir. 2007).

Article III of the Constitution limits federal courts to the adjudication of cases or controversies. U.S. Const. art. III, § 2. Courts meet the case-or-controversy requirement through the justiciability doctrines. *Allen v. Wright*, 468 U.S. 737, 750 (1984). Justiciability doctrines include "standing, ripeness, mootness, the political question doctrine, and the prohibition on advisory opinions." *Toll Bros., Inc. v. Township of Readington*, 555 F.3d 131, 137 (3d Cir. 2009).

Standing doctrine consists of three elements that form an "irreducible constitutional minimum" necessary to invoke the jurisdiction of this Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). It

requires a plaintiff to demonstrate: (1) a concrete, particularized injury-in-fact, which must be actual or imminent, not conjectural or hypothetical; (2) causation; and (3) a likelihood that a favorable decision would redress the injury. *See id.*

When, as in this case, a plaintiff challenges a law pre-enforcement, the Third Circuit applies a specialized test to discern whether the injury-in-fact, *i.e.* the threat of enforcement, is imminent. *Nat'l Shooting Sports Foundation v. Att'y Gen.*, 80 F.4th 215, 219 (3d Cir. 2023), citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). Plaintiffs bringing a pre-enforcement challenge must show: (1) intent to take action that is; (2) arguably affected with a constitutional interest[4] but is; (3) arguably forbidden by the Law; and (4) the threat of enforcement against them is substantial. *Id.*

Here, Rossetti fails to demonstrate that she has standing. She fails to satisfy the injury-in-fact and redressability requirements because she fails to allege a concrete plan of action and alleges that she has already made audio recordings. Doc. 1 ¶ 31. First, she does not allege that she

---

[4] As discussed below, Rossetti cannot show that the action is protected by the First Amendment, further demonstrating a lack of standing.

intends to take a constitutionally protected action forbidden by law under a substantial threat of enforcement, failing entirely to meet the *National Shooting Sports Foundation* test. Second, she alleges that she has already recorded conversations of the alleged perpetrators while she was located in Illinois. *Id.*; *see also id.* ¶ 46 (stating that Rossetti captured statements of Penn State staff members that are related to fraud). That calls into question whether Rossetti intends to continue recording conversations with alleged perpetrators from Pennsylvania.

Importantly, Rossetti does not allege any facts as to what she plans to do, whether she intends to continue recording individuals within the state of Pennsylvania, or how her constitutionally protected conduct will be prohibited in the future. Thus, without an allegation that she plans to or needs to continue recording conversations within Pennsylvania and will be prohibited by the future enforcement of 18 Pa. C.S. § 5703, Rossetti fails to demonstrate an imminent threat of enforcement.

Rossetti does allege that she was prohibited from lawfully recording additional evidence by a State College police officer who warned her that recording conversations is illegal in Pennsylvania. Doc. 1 ¶¶ 32, 48. She claims that the interaction and Pennsylvania's wiretap law creates a

chilling effect. *Id.* ¶ 108. Yet "an allegation that certain conduct has (or will have) a chilling effect on one's speech must claim a . . . threat of specific future harm." *Nat'l Shooting Sports Foundation*, 80 F.4th at 220, citing *Sherwin-Williams Co. v. County of Delaware*, 968 F.3d 264, 269-70 (3d Cir. 2020). Rossetti "must do more than assert 'subjective chill.'" *Id.*, quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013). This singular interaction does not change the fact that Rossetti has already obtained the recordings that she wants. Therefore, Rossetti lacks standing.

### B.  First Amendment Right

Central to the idea of standing is whether Rossetti has a First Amendment right to record a private telephone conversation. Because that right is not a recognized First Amendment right, Rossetti cannot allege a cognizable First Amendment injury nor redressability.

Neither the Supreme Court nor the Third Circuit has addressed whether there is an established First Amendment right to record a private telephone conversation. The Third Circuit has recognized only that "recording police activity in public falls squarely within the First Amendment right of access to information." *Fields v. City of*

*Philadelphia*, 862 F.3d 353, 359 (3d Cir. 2017). Even for the limited right to record police in public, the Third Circuit cautioned that not "all recording is protected or desirable," and the right to record is subject to reasonable restrictions on time, manner, and place. *Id.* at 360.

Outside of the Third Circuit, some courts have recognized a First Amendment right to make a nonconsensual audio recording. *Pitta v. Medeiros*, 90 F.4th 11, 19 (1st Cir. 2024); *Project Veritas v. Schmidt*, 125 F.4th 929, 940, 943 (9th Cir. 2025). Those courts, however, still carefully confined that right to recording "police officers discharging their official duties in public spaces," *Pitta*, 90 F.4th 19, or for "conversations in connection with [a news agency's] newsgathering activities." *Schmidt*, 125 F.4th at 943. No courts have recognized a First Amendment right to record non-consensual, non-public, telephone conversations.

Here, Rossetti does not allege that she attempted or plans to record a police officer as the plaintiff did in *Fields*. Doc. 1 ¶¶ 22, 46; *Fields*, 862 F.3d at 359. She wanted to record telephone conversations of staff members who work at a state college. Doc. 1 ¶¶ 22, 46. And those conversations take place in private, not in a public space. *Id.*

Because Rossetti does not have a First Amendment right to record non-consensual, private conversations of private individuals, Rossetti's First Amendment challenge fails at the threshold. *See Credico v. Krenitsky*, 845 F. App'x 196, 197-98 (3d Cir. 2021) (per curiam) (finding that a plaintiff who was denied from recording a meeting using his phone did not have a First Amendment right to record because the meeting was private and he was able to record the events of the meetings through other means such as taking notes); *see also Jones v. Gaydula*, No. 85-1859, 1989 WL 156343, at *2 (E.D. Pa. Dec. 22, 1989) (concluding there is no First Amendment right to tape record the statements of an unwilling utterant), *aff'd*, *Appeal of Gaydula*, No. 90-1077, 919 F.2d 730 (Table) (3d Cir. 1990).

### C. Fourteenth Amendment—Selective Enforcement

Rossetti also alleges that the Defendants, in refusing to prosecute the fraud she allegedly suffered, are selectively enforcing the law. Doc. 1 ¶¶ 26, 29.

Selective discriminatory enforcement of a facially valid law is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment. *Jewish Home v. Ctrs. for Medicare & Medicaid Servs.*, 693

F.3d 359, 363 (3d Cir. 2012). To establish a selective enforcement claim, a plaintiff must show: (1) that she was treated differently from another similarly situated individual; and (2) that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor, or to prevent the exercise of a fundamental right. *Id.*, quoting *Dique v. N.J. State Police*, 603 F.3d 181, 184 n.5 (3d Cir. 2010). Hence, to maintain an equal protection claim of selective enforcement, a plaintiff must provide evidence of discriminatory purpose, not mere unequal treatment or adverse effect. *Id.*, citing *Snowden v. Hughes*, 321 U.S. 1, 8 (1944).

Here, Rossetti states no facts to show that she was treated differently from another similarly situated individual or that there were signs of "clear and intentional discrimination." *Snowden*, 321 U.S. at 8. In a conclusory fashion, Rossetti alleges that Defendant Shapiro "actively prosecuted similar fraud cases." Doc. 1 ¶ 29. But Rossetti fails to allege facts as to what those fraud cases were, or which individuals were similarly situated victims of the kind of fraud Rossetti suffered. The Complaint, then, "demonstrates only that in some instances," the Defendants prosecuted fraud cases, while in others they did not, which

"is insufficient to allege a systemic discriminatory purpose." *PG Pub. Co. v. Aichele*, 705 F.3d 91, 115 (3d Cir. 2013) ("The law cannot provide a constitutional remedy for every situation where a party may feel slighted; claims appealing to the Equal Protection Clause must meet a higher bar."). Accordingly, Rossetti fails to state a Fourteenth Amendment selective enforcement claim.

## IV. LEAVE TO AMEND

The Third Circuit instructs this Court to grant leave to amend when an *in forma pauperis* plaintiff has filed a complaint subject to dismissal under Rule 12(b)(6), unless amendment would be inequitable or futile. *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Amendment in this case would be futile as to her First Amendment challenge because Rossetti cannot establish standing, but amendment would not be futile as to her Fourteenth Amendment claim if she can allege facts sufficient to establish a plausible claim.

Accordingly, the undersigned recommends that Plaintiff's First Amendment claim be dismissed with prejudice, and her selective prosecution claim be dismissed without prejudice.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that:

(1) The Defendants' motion to dismiss (Doc. 10) be **GRANTED**;

(2) The Complaint be **DISMISSED;** the First Amendment claim with prejudice, and the selective prosecution claim without prejudice;

(3) The Plaintiff be granted leave to amend her selective prosecution claim; and

(4) The Clerk of Court be directed to administratively **CLOSE** this case.


The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: January 16, 2026                    s/ *Sean A. Camoni*
                                          Sean A. Camoni
                                          United States Magistrate Judge