## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BELINDA J. ROSSETTI,** | : | **No. 1:25cv422** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **JOSHUA D. SHAPIRO, et. al.** | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

On February 3, 2026, the court adopted a report and recommendation ("R&R") from Magistrate Judge Sean A. Camoni, which recommended dismissing Plaintiff Belinda J. Rossetti *pro se* civil rights action. The R&R recommended that Rossetti's *pro se* complaint be dismissed without prejudice, so that she could file an amended complaint relating only to selective enforcement. (Doc. 16 at 12–15). The court adopted that recommendation with a caveat—affording Rossetti approximately thirty (30) days to file an amended complaint addressing only this alleged violation of the Equal Protection Clause. (Doc. 17 at 2). The court further advised Rossetti that failure to file a second amended pleading within the required period would result in dismissal of the action. Id. To date, Rossetti has not filed an amended complaint nor requested an extension of time and the deadline provided by the court has passed.

If a plaintiff fails to prosecute a case or comply with court orders, district court judges are empowered to dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) and its own inherent authority to manage the docket for the orderly and expeditious disposition of cases. See R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31(1962)). Decisions regarding dismissal of actions on these grounds rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). Such discretion is regulated by the required balancing of several factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

First, courts "should gauge a party's knowledge before dismissing the case[.]" United States v. Brace, 1 F.4th 137, 144 (3d Cir. 2021). Rossetti proceeds *pro se* in this case. She is personally responsible for not filing an amended complaint as ordered. This factor weighs in favor of dismissal.

2

Regarding the second Poulis factor, there is limited prejudice to defendants since Rossetti's complaint did not survive defendants' motion to dismiss. This factor weighs against dismissal. But "there is no magic formula or mechanical calculation with regard to the Poulis analysis. In fact, no single factor is dispositive, and…not all of the Poulis factors need be satisfied in order to dismiss a complaint." In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 246 (3d Cir. 2013) (citations, quotation marks, and brackets omitted).

The third Poulis factor considers a history of dilatoriness, and the fourth Poulis factor considers whether plaintiff's conduct was willful or in bad faith. Here, despite being advised that she needed to plead additional facts to state a selective enforcement claim against the defendants, Rossetti failed to file an amended complaint by the court-imposed deadline. This action cannot move forward on the allegations provided to date. By disobeying the court's order, Rossetti has stopped this case in its tracks. Such conduct reflects dilatoriness and willfulness and supports dismissal of this action.

As for the availability of alternative sanctions, the fifth Poulis factor, plaintiff is pro se and proceeds in forma pauperis. Fines or other monetary sanctions would not be effective in this case. The only sanction available to the court is dismissal.

3

Meritoriousness is the sixth and final <u>Poulis</u> consideration, and it is of paramount importance. See <u>Knoll v. City of Allentown</u>, 707 F.3d 406, 409 (3d Cir. 2013). "A claim…will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff[.]" <u>Poulis</u>, 747 F.2d at 869–70. Here, in providing plaintiff with leave to amend, the court believed that she could potentially state a plausible Equal Protection Clause claim against the defendants. As detailed above, however, rather than attempt to move this case forward for consideration on its merits, plaintiff has taken a different approach. She appears willing to stand on the allegations of her original complaint. Those allegations fell short of stating a meritorious claim as detailed by Magistrate Judge Camoni in the R&R. Because plaintiff has refused to allege facts to demonstrate that her case has merit, dismissal of this action with prejudice is the appropriate sanction.

Accordingly, this _____ day of March 2026, after weighing the above factors, it is hereby **ORDERED** that plaintiff's complaint, (Doc. 1), is **DISMISSED** with prejudice for failure to file an amended complaint as previously ordered.

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court

4